IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASH REGISTER,<br><br>     Petitioner,<br><br> vs.<br><br>CLAUDE E. FINN, Warden, Deuel<br>Vocational Institution,<br><br>     Respondent. | No. 2:08-cv-01202-JKS<br><br>ORDER<br>[Re:  Motion at Docket No. 28] |

At Docket No. 27 this Court entered judgment granting the Petition of Kash Register for Relief Under 28 U.S.C. § 2254, and ordered the Board of Parole Hearings to hold a new parole-suitability hearing within 120 days.  At Docket No. 28 Respondent timely filed a Motion to Alter Judgment, Alternatively, Motion for Relief from Judgment.  At Docket No. 29 Register has opposed the motion and requests that further briefing be ordered to address the recent decision of the Supreme Court in *Swarthout v. Cooke*.[1]  Respondent has replied at Docket No. 30, and filed a Supplemental Notice at Docket No. 31.  At Docket No. 32 Register filed a Supplemental reply, and Respondent replied at Docket No. 33.

---

[1] 562 U.S. ---,131 S. Ct. 859 (2011) (per curiam).

This Court may grant relief under Rule 59(e) under limited circumstances: an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and, if uncorrected, would work a manifest injustice.[2]

Register's Petition challenges the May 2007 denial of parole by the Board of Parole Hearings.  In May 2009 Register again appeared at a parole-suitability hearing before the Board, which denied Register parole for a period of three years.  The 2009 denial is the subject of a separate proceeding in this district.[3]  Respondent argues that, because Register received a new parole-suitability hearing in May 2009, even if Register's due process rights were violated in May 2007, Register has since received the relief to which Register is otherwise entitled, i.e., a new parole-suitability hearing before the Board.[4]  Consequently, Respondent argues that this Court can grant no further effective relief and the Petition must be dismissed as moot.  While this Court agrees,[5] mootness has itself become moot.

While Respondent's motion was pending before this Court, the Supreme Court handed down its decision in *Cooke*, in which the Supreme Court effectively overruled the Ninth Circuit authorities relied upon by this Court in rendering its decision granting the Petition.  *Cooke*

---

[2] *See Circuit City Stores v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999); *see generally* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2810.1 (2d ed.).

[3] *Register v. Salinas*, EDCA Case No. 2:10-cv-00889-FCD-DAD, Docket No. 1.  This Court takes judicial notice of its own records.  Fed. R. Evid. 201.

[4] *See In re Prather*, 234 P.3d 541, 550-54 (Cal. 2010); *Haggard v. Curry*, --- F.3d ---, 2010 WL 4978842, *4-*5 (9th Cir. Dec. 9, 2010) (citing *Prather*).

[5] *See Church of Scientology v. United States,* 506 U.S. 9, 12 (1992); *Serena v. Mock,* 547 F.3d 1051, 1053 (9th Cir. 2008) (citing *Feldman v. Bomar,* 518 F.3d 637, 642 (9th Cir. 2008)); *Ruvalcaba v. City of Los Angeles,* 167 F.3d 514, 521 (9th Cir. 1999).

constitutes an intervening change in controlling authority that effectively forecloses Register's claims.

Generally, when a higher court issues new controlling authority after briefing is complete, this Court requests further briefing from the parties addressing the new authority. The Supreme Court decision in this case is so clear that further briefing would appear to unduly prolong this case without any possibility of changing the result. The Supreme Court has limited review to the procedures followed by the Board and the governor, and defined with care what it meant by the applicable procedures. No longer may this Court consider how the California courts applied California law. Under these circumstances further briefing would not aid the Court in reaching a decision. Accordingly, Register's request for additional briefing is denied.

It is well-established by Supreme Court precedent that there is no constitutional or inherent right of a convicted person to be conditionally released on parole before expiration of a sentence.[6] That a California prisoner has a liberty interest in parole protected by the procedural safeguards of the Due Process Clause of the Fourteenth Amendment is settled.[7] Because the only federal right at issue in this case is procedural, the relevant inquiry is whether Register received due process.[8] The Constitution only requires that a prisoner be allowed an opportunity to be heard and to be provided with a statement of the reasons why a parole is denied, nothing more.[9]

---

[6] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

[7] *Hayward v. Marshall*, 603 F.3d 546, 561-64 (9th Cir. 2010) (en banc), *overruled sub silentio on another point by Cooke, supra*; *see Pearson v. Muntz*, 606 F.3d 606, 608 (9th Cir. 2010) (per curiam), *overruled sub silentio on another point by Cooke, supra*.

[8] *See Cooke*, 131 S. Ct. at 861.

[9] *Cooke*, 131 S. Ct. at 862 (citing *Greenholtz*, 442 U.S. at 16).

Register contends that the decision of the Board was unsupported by some evidence as required by California law.[10]  "[I]t is of no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied."[11] California prisoners are allowed to speak at their parole hearings and to contest the evidence against them, are afforded access to their records in advance, and are notified of the reasons why parole is denied.  That is all that due process requires.[12]  "'Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.'"[13]  Register has failed to establish a wrong of constitutional magnitude.  Accordingly, Register's argument that he is entitled to habeas relief has been foreclosed by *Cooke*.

**IT IS ORDERED THAT**, the request by Kash Register for further briefing is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Motion to Alter Judgment, Alternatively Motion for Relief From Judgment at Docket No. 24 is **GRANTED**.

**IT IS FURTHER ORDERED THAT** the Judgment entered at Docket No. 27 is **VACATED**.

**IT IS FURTHER ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

---

[10] *See in re Lawrence*, 190 P.3d 535 (Cal. 2008); *In re Shaputis*, 190 P.3d 573 (Cal. 2008).

[11] *Cooke*, 131 S. Ct. at 863.

[12] *Id.* at 862.

[13] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[14]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[15]

The Clerk of the Court is directed to enter judgment accordingly.

Dated:  March 3, 2011.

_/s/ James K. Singleton, Jr._
JAMES K. SINGLETON, JR.
United States District Judge

---

[14] 28 U.S.C. § 2253(c); _Slack v. McDaniel_, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," _i.e.,_ when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[15] _See_ Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.